UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| GEORGE Y. LOHMANN, JR., | § | MO:15–CV–110–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| JPMORGAN CHASE BANK, NATIONAL ASSOCATION, THE MORTGAGE SERVICER FOR CAPITAL ONE, N.A. | § § § § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant JPMorgan Chase Bank, National Association's ("JPMC" or "Defendant") Motion to Dismiss Plaintiff George Lohmann's Original Petition and Application for Temporary Restraining Order and Injunctive Relief.  (Dkt. # 5.)  Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing.  W.D. Tex. Civ. R. 7(h).  For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss.  (Dkt. # 5.)

BACKGROUND

On August 26, 1994, Plaintiff purchased the property located at 3703 Northfield Drive, Midland, Texas, 79707, and signed a Deed of Trust assigning a security interest in the property to Banc One Mortgage Corporation ("Banc One").

1

("Compl.," Dkt. # 1, Ex. 1-1 ¶¶ 6–7.)  In 1996, Plaintiff began receiving mortgage statements from Homeside Lending, Inc. ("Homeside"), and began making mortgage payments to Homeside rather than Banc One.  (Id. ¶ 8.)  Plaintiff states that Washington Mutual, Inc. ("Washington Mutual"), acquired Homeside in 2002, and that he began making mortgage payments to Washington Mutual at that time.  (Id. ¶ 9.)  In 2012, Plaintiff states that he began receiving mortgage statements from JPMC, and repeatedly requested documentation from JPMC regarding their ownership of his mortgage; allegedly, JPMC never provided the information Plaintiff requested.  (Id. ¶¶ 10–12.)

On June 18, 2015, Plaintiff received a Notice of Acceleration and Notice of Posting and Foreclosure, and Notice of Trustee's Sale scheduled for July 7, 2015.  (Compl. ¶ 13.)  On July 6, 2016, Mr. Lohmann filed an application for Temporary Restraining Order in the 441st Judicial District of Midland County, Texas.  (Id. ¶¶ 14–20.)  Mr. Lohmann's complaint also requested the issuance of Temporary and Permanent injunctions preventing Defendant from foreclosing on his home, damages, court costs, and attorneys' fees.  (Id. ¶¶ 21–27.)  The Midland County court granted Plaintiff's application for a Temporary Restraining Order, and set a hearing on Mr. Lohmann's request for a Temporary Injunction. (Dkt. 1, Ex. 3.)  On July 17, 2015, Defendant timely removed the case to federal court (Dkt. # 1),  and filed the instant Motion to Dismiss on July 24, 2015.  (Dkt. # 5.)  On

February 4, 2016, Plaintiff filed an amended complaint without seeking leave of Court. (Dkt. # 11.) On February 5, 2016, Plaintiff filed a response in opposition to the instant motion.[1] (Dkt. # 12.)

## ANALYSIS

I. Amended Complaint

  A. Whether Amended Complaint is Procedurally Proper

Federal Rule of Civil Procedure 15 allows parties to amend pleadings once without leave of Court within twenty-one days of serving the pleadings, or within twenty-one days of being served a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Once that window has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Mr. Lohmann filed his original complaint on July 6, 2015 (Compl.) and was served with a Motion to Dismiss on July 24, 2015. (Dkt. # 5.) Plaintiff did not file the instant amended complaint until February 4, 2016, long after his twenty-one day deadline had passed. Mr. Lohmann neither submitted written consent from the Defendant, nor sought leave of this Court prior to filing his

---

[1] The Local Rules require a party to file a response to a dispositive motion, such as a motion to dismiss, within 14 days of the motion being filed. W.D. Tex. Civ. R. CV-7(e)(2). The Court may grant any motion as unopposed, where the party neither requests an extension for time to file, nor timely files a response. Id. However, the Court will consider the content of Plaintiff's response for the sake of thoroughness.

Amended Complaint. Accordingly, the Amended Complaint is hereby **STRUCK** from the docket for failure to comply with Federal Rule 15.

B. <u>Whether Leave to File Amended Complaint Could Be Granted</u>

This case was transferred to the undersigned Judge on January 25, 2016. (Dkt. # 9.) Because the instant Motion to Dismiss has been pending since July, the Court will address whether Plaintiff would have been granted leave to file the instant Amended Complaint, should he have sought leave of the Court. This will avoid further delaying a decision on the merits of the instant motion.

"The policy of the Federal Rules is to permit liberal amendment." <u>Carroll v. Fort James Corp.</u>, 470 F.3d 1171, 1174 (5th Cir. 2006) (quoting <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 597–98 (5th Cir. 1981)). However, "[a] decision to grant leave is within the discretion of the trial court," where the trial court can articulate "a substantial reason" for denying leave. <u>In the Matter of Southmark Corp.</u>, 88 F.3d 311, 314 (5th Cir. 1996). Accordingly, when determining whether to grant leave to amend pleadings, a court should deny leave if there exist "such factors as undue delay . . . undue prejudice to the opposing party, and futility of amendment." <u>Id.</u> at 315.

The Court has reviewed the proposed Amended Complaint, and finds only one material change from the facts alleged in the original Complaint filed in

4

state court.[2]  (Compare Compl. with Dkt. # 11.)  Plaintiff's Amended Complaint explicitly states that "[n]o assignment from Banc One Mortgage Corporation, Bank One, Texas Midland, or Homeside Lending, Inc. to Washington Mutual was ever recorded in the Midland County deed records as required."[3]  (Dkt. # 11 ¶ 14.)  As will be explained below, this statement does nothing to change the merits of Plaintiff's claims.  Accordingly, permitting Plaintiff to file the Amended Complaint merely to allow him to allege this new fact would be futile.

        Mr. Lohmann's Amended Complaint also alleges two new claims: (1) a request for quiet title, and (2) request for the issuance of declaratory judgment.  (Dkt. # 11 ¶¶ 20–29.)  The Amended Complaint does not seek Temporary or Permanent Injunctions.  (See Dkt. # 11.)

        1. Whether Plaintiff has Alleged Sufficient Facts to State a Claim to Quiet Title

        "A suit to quiet title is an equitable action in which the plaintiff seeks to remove from his title a cloud created by an allegedly invalid claim."  Svoboda v. Bank of Am., N.A., 964 F. Supp. 2d 659, 672 (W.D. Tex. Aug. 6, 2013).  A

---

[2] The following non-material changes exist in Plaintiff's Amended complaint: (1) the jurisdiction and venue statements have been changed to reflect the fact that the parties are now in federal court (Dkt. # 11 ¶¶ 3–4); (2) Plaintiff states that he and Rosemary Lohmann, with whom he signed the Deed of Trust in 1994, have since divorced (Id. ¶ 9).

[3] Plaintiff's original pleading directly alleges that the assignment from Banc One to Homeside was never recorded, but does not state that the assignment from Homeside to Washington Mutual was never recorded. (Compl. ¶ 8.)

plaintiff bringing a quiet title claim must show: "(1) an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable." Id. at 673 (quoting U.S. Nat'l Bank Ass'n v. Johnson, No. 01–10–00837–CV, 2011 WL 6938507, at *3 (Tex. App. Dec. 20, 2011)). "A plaintiff has the burden of supplying the proof necessary to establish superior equity and right to relief." Ocwen Loan Serv., LLC v. Gonzalez Fin. Holdings, Inc., 77 F. Supp. 3d 584, 588 (S.D. Tex. 2015). Accordingly, a plaintiff seeking quiet title "must recover on the strength of his own title, not the weakness of his adversary's title." Jaimes v. Fed. Nat. Mortg. Ass'n, 930 F. Supp. 2d 692, 698 (W.D. Tex. 2013).

Plaintiff's amended complaint does not allege that he paid his mortgage in full, and has done nothing to demonstrate the strength of his own title. Mr. Lohmann does not state a claim to quiet title by merely pointing to the alleged weakness of JPMC's title – that the 1996 transfer from Banc One was not recorded. Because asserting this additional claim would be futile based upon the facts alleged in the Amended Complaint, permitting Plaintiff to file an Amended Complaint to assert a claim to quiet title would be futile.

> 2. <u>Whether Plaintiff has Stated Sufficient Facts to State Claim for Declaratory Judgment</u>

Plaintiff's Amended Complaint seeks declaratory judgment that the beneficiary of the Deed of Trust is Banc One Mortgage Corporation, and that JPMC does not have a valid lien against the subject property. (Dkt. # 11 ¶¶ 25–29.) As will be explained below, Plaintiff has not alleged a factual basis that would support either of these declarations; this analysis is not changed by the assertion Plaintiff would add in the Amended Complaint.

Accordingly, the Court finds that even if Plaintiff had sought leave of court prior to filing this proposed amended complaint, he would not have been granted leave to do so, because permitting amendment would be futile.

II.   <u>Motion to Dismiss</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Review is limited to the contents of the complaint and matters properly subject to judicial notice. See <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007). In analyzing a motion to dismiss for failure to state a claim, "[t]he court accept[s] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" <u>In re Katrina Canal Breaches Litig.</u>, 495 F.3d 191, 205 (5th Cir. 2007) (quoting <u>Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit</u>, 369 F.3d 464, 467 (5th Cir. 2004)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

    A. Plaintiff's Claim for Relief

Broadly construed, Plaintiff's complaint alleges that JPMC does not validly hold the Deed of Trust to his property, and cannot foreclose for this reason. (Compl. ¶¶ 11–13.) Plaintiff's response to the instant motion further explains his claim that JPMC does not validly own the lien on his home; specifically, Plaintiff claims that (1) the transfer of the Deed of Trust from Banc One, the original holder of the Deed, to Homeside Lending, Inc., was never validly recorded; (2) the transfer of the Deed of Trust to Washington Mutual was never validly recorded; (3) JPMC has not demonstrated to Plaintiff that it holds the Promissory Note on Plaintiff's property. (Dkt. # 12 at 2–3.)

    B. Applicable Law

The law in Texas does not require the assignment of a Deed of Trust to be recorded in order to be valid. Tex. Prop. Code § 13.001(b); see also Lerch v. Bank of Am., N.A., No. H–13–2036, 2014 WL 4162871, at *3 (S.D. Tex. Aug. 20,

8

2014).  While recording the assignment of a Deed of Trust or Promissory Note "puts parties on notice of the assignment," the fact of "recordation itself does not affect the validity of the transfer of interests."  Green v. JPMorgan Chase Bank, N.A., 937 F. Supp. 2d 849, 857 (N.D. Tex. 2013).  Further, "Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments."  Green, 937 F. Supp. 2d at 857 (quoting Broyles v. Chase Home Fin., No. 3:10–CV–2256–G, 2011 WL 1428904, at *2 (N.D. Tex. Apr. 13, 2011)).

To the extent that Plaintiff wishes to challenge JPMC's attempt to foreclose on his home, the Court notes that "the Texas Property Code governs non-judicial foreclosure sales."  Svoboda, 964 F. Supp. 2d at 670.  Under the Texas Property Code, "a mortgage servicer can foreclose under a deed of trust, regardless of whether it is a holder" of the Deed of Trust or the Promissory Note.  Wells v. BAC Home Loans Serv., L.P., No. W–10–CA–350, 2011 WL 2163987, at *3 (W.D. Tex. Apr. 26, 2011).  "A mortgage servicer is 'the last person to whom the mortgagor has been instructed by the current mortgagee to send payment for the debt secured by a security instrument.'"  Id. (quoting Tex. Prop. Code § 51.001(3)).  In order for a foreclosure sale to be valid, the Texas Property Code requires that a mortgage servicer provide a mortgagor with "notice of default, with an opportunity to cure, and notice of the actual foreclosure sale" prior to the foreclosure sale.

9

Svoboda, 964 F. Supp. 2d at 670 (quoting Reardean v. CitiMortgage, Inc., No. A-11-CA-420, 2011 WL 3268304, at *4 (W.D. Tex. 2011)) (internal cites omitted).

    C. Whether Plaintiff Has Stated a Claim Regarding the Validity of the Deed's Transfer to JPMC

In its Motion to Dismiss, JPMC submitted the following items to the Court: (1) the original Deed of Trust, executed by George and Rosemary Lohmann on August 26, 1994, transferring the Deed of Trust to Banc One (Dkt. # 5, Ex. A); (2) the Articles of Merger indicating the merger of HomeSide, and SR Investment, Inc. ("SR Investment"), declaring Washington Mutual as the sole stockholder for SR Investment (Dkt. # 5, Ex. B at 1–3); (3) the Affidavit of the Federal Deposit Insurance Cooperation indicating JPMC's acquisition of all loans of Washington Mutual (Dkt. # 5, Ex. D); (4) the Assignment of Deed of Trust from JPMC to Bank One[4] (Dkt. # 5, Ex. E); the Corporate Assignment of Deed of Trust from JPMC to Capital One Bank, in care of JPMC (Dkt. # 6, Ex. F); and a corrected Assignment of Deed of Trust from JPMC to Capital One Bank, which was filed with the County Clerk in Midland County on May 27, 2015 (Dkt. # 5, Ex. G).

At the motion to dismiss stage, the Court "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a Court may take judicial

---

[4] Bank One fully merged with JPMC in 2004. (Dkt. # 5, Ex. C.)

notice." Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011) (quoting Tellabs, 551 U.S. at 322). Each of the documents JPMC attached to its motion to dismiss is incorporated by reference in the Plaintiff's complaint, which states that Plaintiff began making mortgage payments to Homeside in 1996 (Compl. ¶ 8), that Washington Mutual acquired Homeside—and with it, Plaintiff's mortgage—in 2002 (Id. ¶ 9), and that Plaintiff began receiving mortgage statements from JPMC in 2012 (Id. ¶ 10). Further, each of the documents JPMC attached to its Motion to Dismiss is a publicly recorded document, and the facts contained therein are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Funk, 631 F.3d at 783 (quoting Fed. R. Evid. 201(b)). Accordingly, the Court may properly considering the foregoing documents when evaluating Plaintiff's claim.

In the twenty-one years since Plaintiff signed the Deed of Trust creating the security interest at issue, the only transfer that may not have been recorded was the transfer from Banc One to Homeside. (Compl. ¶ 8.) However, this failure on its own is insufficient to state a claim on which relief can be granted, because Texas law does not require the assignment of a Deed of Trust be recorded for that assignment to be valid. See Tex. Prop. Code § 13.001(b). Accordingly, Plaintiff's complaint fails to state a claim regarding the validity of the transfer of the Deed of Trust upon which relief can be granted.

D. <u>Whether Plaintiff Has Stated a Claim Regarding the Invalidity of Any Potential Foreclosure Sale</u>

Further, Plaintiff fails to state a claim regarding the invalidity of the potential foreclosure sale upon which relief can be granted.  Plaintiff states that he began receiving mortgage statements from JPMC in 2012.  By Texas law, JPMC became Plaintiff's mortgage servicer at that tme.  (Compl. ¶ 10); <u>see</u> Tex. Prop. Code § 31.001(3).  A mortgage servicer has the authority to foreclose on a Deed of Trust, regardless of whether it is the holder of the deed.  <u>See</u> <u>Svoboda</u>, 946 F. Supp. 2d at 667.  Accordingly, Plaintiff fails to state a claim that JPMC attempted to foreclose on his house without the authority to do so.  Further, Plaintiff fails to allege additional facts that would make the foreclosure attempt unlawful.  For example, Plaintiff does not allege that he paid his mortgage in full, eliminating JPMC's claim to the Deed of Trust.  Accordingly, Plaintiff fails to state a claim upon which relief can be granted.

CONCLUSION

For the foregoing reasons, the Court finds that (1) Plaintiff's Amended Complaint must be **STRUCK** from the record, and (2) that his Original Complaint fails to state a claim against JPMC upon which relief can be granted.  The Court **GRANTS** JPMC's Motion to Dismiss.  (Dkt. # 5.)  Accordingly, Plaintiff's Claims against JPMC are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**DATED:** Midland, Texas, February 12, 2016.

_____
David Alan Ezra
Senior United States Distict Judge